## EFF DECKER v. THE STATE.

### No. 29.   Decided January 26, 1910.

**1.—Aggravated Assault—Special Plea—Former Conviction.**

Where upon trial for aggravated assault the defendant offered in evidence a judgment against the defendant purporting to have been entered upon a charge against him for an affray, and which judgment was based on an affidavit dated one year after the judgment was rendered, the court did not err in excluding said judgment in support of the special plea of former conviction.

**2.—Same—Evidence—Motive—Ill-Will.**

Upon trial of an aggravated assault there was no error in admitting testimony of a declaration by the defendant that the next time he met prosecutor in the road he would kill him if he did not get out of his way.

**3.—Same—Evidence—Non-Expert Testimony—Harmless Error.**

Upon trial of aggravated assault alleging great bodily injury, etc., there was no error in admitting testimony of the prosecutor that from the nature of the wound inflicted by the defendant he was under the apprehension that blood poisoning might result; besides if error it was harmless.

**4.—Same—Evidence—Flight.**

Upon trial for aggravated assault there was no error in admitting testimony that the defendant stayed away from his home on the night of the day following the alleged assault.

**5.—Same—Evidence—Motive—Rebuttal.**

Upon trial for aggravated assault there was no error in permitting the witness to testify that a little while before the difficulty he called upon defendant with a view of settling the differences between defendant and the injured party; this being offered in rebuttal of defendant's testimony that he wanted to settle the controversy amicably with the prosecutor.

**6.—Same—Dangerous Weapon.**

Where upon trial for aggravated assault the testimony strongly indicated that the defendant used a dangerous weapon, it could not be said that there was no evidence raising this issue.

**7.—Same—Charge of Court—Appearances of Danger—Self-Defense.**

Where upon trial for aggravated assault the charge of the court upon self-defense, taken as a whole, sufficiently presented the issue of apparent danger from defendant's standpoint, although lacking technical accuracy, there was no error.

**8.—Same—Charge of Court—Premeditated Design—Preconceived Intent.**

Where upon trial for aggravated assault the evidence contained many references to previous difficulties between the parties, it was reversible error to instruct the jury, in defining aggravated assault and premeditated design, that defendant's guilt depended upon a preconceived intention to assault the prosecuting witness, whether in fact it existed at the time of the assault or not; the defendant having requested a special charge and excepted to the court's charge on this phase of the case.

Appeal from the County Court of Denton. Tried below before the Hon. Lee Zumwalt.

Appeal from a conviction of aggravated assault; penalty, a fine of $50. The opinion states the case.

*Hopkins & Milliken,* for appellant.—On question of nonexpert testimony as to apprehension of witness of blood poisoning: George v. State, 21 Texas Crim. App., 315; Head v. State, 52 Texas Crim. Rep., 488, 107 S. W. Rep., 829; Halsell v. State, 29 Texas Crim. App., 22; Wilson v. State, 34 Texas Crim. Rep., 64.

On question of excluding testimony of former conviction and judgment of same: Grisham v. State, 19 Texas Crim. App., 504; Munch v. State, 25 Texas Crim. App., 30.

On question of court's charge of self-defense and apparent danger: Spearman v. State, 23 Texas Crim. App., 224; Bell v. State, 20 Texas Crim. App., 445.

On court's charge on premeditated design: Atkinson v. State, 20 Texas, 522.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged by information filed in

the County Court of Denton County with an aggravated assault upon one G. W. Farrington.

There were a number of counts in the information, and among other bases of the offense was an assault with the handle of a knife, which was alleged to be a deadly weapon; an assault by a deadly weapon alleged to be a hard instrument, a better description of which, it is stated, could not be given; an assault with premeditated design and by the use of means calculated to inflict great bodily injury; an assault with knuckles, and an assault upon said Farrington by striking him with his fist. The case was very stoutly contested in the court below, and many exceptions taken and many questions now presented to us as grounds for reversal. In addition to his plea of not guilty, appellant interposed a special plea to the effect, in substance, that he had theretofore been convicted of the offense of an affray, which was the same transaction as herein charged, said conviction being had in the Justice Court of Precinct No. 7, in Denton County, and that said judgment had never been appealed from, set aside, or reversed, but was still in full force and effect. On the trial appellant offered proof of his special plea and same was excluded on the ground that the judgment of conviction bore date on 6th day of April, 1907, while the affidavit, the basis of said prosecution, as well as the warrant of arrest, was dated on 7th day of April, 1908. An inspection of the instruments offered, which are embodied in the record, confirms the correctness of the objection made by the county attorney. It is obvious that, in the state of record, that the judgment, there being then no complaint filed, placed the appellant in no jeopardy and same constituted no bar to this prosecution for aggravated assault, and the court did not err in excluding the evidence offered in support of appellant's plea. Watson v. State, 5 Texas Crim. App., 271; Warriner v. State, 3 Texas Crim. App., 104.

The evidence in the case shows, briefly, that on Sunday evening, April 5, 1908, while driving along the public road Farrington was set upon by appellant, while another person was nearby and in front of him, and while Farrington was in his buggy doing nothing, who assaulted him with a knife, or some hard substance, and inflicted serious wounds upon him. That during this time Farrington was doing nothing except seeking to protect himself, and that the assault was wholly unprovoked. Appellant denied the substance of these facts and testified that he believed at the time that Farrington had a pistol, and at the time he struck him was in the act of making preparation to shoot him. The evidence showed that there had been a bad state of feeling between the parties for some little while.

1. There was no error in permitting Farrington to testify that in February before this difficulty, that appellant told him on one occasion that if he did not get out of the road for him when he met him the next time he would kill him. This was admissible to show the state of feeling on the part of appellant and as lending support to the testi-

mony of the unprovoked assault on Farrington. Nor do we believe
there was any substantial or reasonable error in permitting this wit-
ness to testify that in connection with the nature of his wounds, that
he was under the apprehension that blood poisoning might result.
While not an expert, this is part of the statement of the wounds in-
flicted upon him and the apprehension resulting therefrom, and the
fear or apprehension felt, even if erroneously admitted, was not cal-
culated to injure appellant. Nor do we believe that there was error
in the action of the court in admitting the testimony of John Slater
to the effect that on the night of the difficulty, about 10.30 o'clock,
appellant and his companion Bratton came to his house and spent the
night. Slater's house was some eight or ten miles from where appellant
and Bratton resided. They were both married men, and this testimony
tended to show conduct inconsistent with the action of an innocent
man. Appellant's and Bratton's explanation that the purpose of their
visit was to enable them to reach the justice of the peace, made an issue
on this question, and, of course, this was a matter for the jury.

2. On the trial the State was permitted to prove by one Higgins
that a little while before the difficulty he went to see appellant with
reference to the matters in dispute between himself and Farrington
and tried to get him to settle the difference between them. In view of
the explanation of the court that appellant had testified that he wanted
to settle the matters in controversy with prosecuting witness and had
offered to settle same with him, we think, in rebuttal, that this testi-
mony was admissible. It was, under the testimony, a sharply contro-
verted issue as to who was the aggressor in the difficulty and the state
of mind of appellant was a matter of prime importance.

3. We do not believe that the complaint of appellant that there
was no evidence or semblance of evidence that appellant made use of
a dangerous weapon can be sustained. While the weapon was not so
distinctly seen by Farrington as to be described, his testimony strongly
indicates that appellant did use some sort of weapon, and this evidence,
taken in connection with the character of injuries received, would tend
to impress the jury, we believe, that he did have such weapon; at least,
it can not be said that there was no evidence raising this issue.

4. The eleventh ground of appellant's motion is that the court erred
in that portion of his charge wherein he instructed the jury as follows:
"It is not enough that the party believed himself in danger unless the
facts and circumstances were such as that the jury can say he had rea-
sonable grounds for his belief." The complaint of this charge is that
a party has a right to act on the mere appearance of danger and is not
required to stop and consider whether the facts and circumstances con-
stitute a reasonable ground for said belief or not. In connection with
the portion of the charge complained of, the court had instructed the
jury as follows: "Our law guarantees to all persons the right to act on
apparent danger and in judging of the apparent danger the law requires
the jury to review the same from the defendant's standpoint and to

take into consideration all of the facts and circumstances surrounding the defendant at the time of the difficulty and to view the same from his, defendant's, standpoint at that time, and although the jury may believe from the evidence that in fact no real danger existed at the time of the difficulty, still if at that time it 'reasonably appeared to the defendant from his standpoint that the prosecuting witness was about to attack him, defendant would be guilty of no offense, and you will find him not guilty." And the language complained of immediately follows the portion of the charge above quoted. We do not think, taken in connection with the court's entire charge, that, if lacking in technical accuracy or completeness, this could in the nature of things have injured appellant. The paragraph immediately preceding the language complained of had been requested by counsel for appellant and was given by the court with the addition of the language against which complaint is leveled.

5. The twelfth ground of the motion complains that the court erred in that portion of his charge wherein he attempts to define an aggravated assault committed upon premeditated design, in that the same changes the definition of an aggravated assault committed upon premeditated design as defined by our Penal Code and erroneously defines the term "premeditated design," and also makes the assault aggravated if defendant at any time prior to the difficulty had a preconceived intention to assault the prosecuting witness, whether in fact it existed at the time of the assault or not. We note in passing that the charge complained of, as shown by the record, appears to have been given at the request of appellant. On page 50 of the record we find the following: "State of Texas v. Eff Decker: Defendant requests the following special charge," and then with nothing intervening there follow two pages of instructions signed by the county judge and endorsed, "Court's charge to the jury." Clearly, if this instruction was requested by counsel for appellant, if there was any error in it, it would be invited error and, therefore, a matter of which appellant could not complain. As the record comes to us this seems to be the case, and we need not, therefore, inquire into the correctness of this charge. However, we may say in passing that, considering the charge altogether, it does not seem to us to be particularly objectionable.

6. Complaint is also made of the sufficiency of the evidence to sustain the verdict and judgment. While the proof was conflicting, we can not say, in the light of the entire record, that there was no evidence upon which the jury might have based their conclusion.

Finding no error in the record, the judgment of conviction is affirmed.

*Affirmed.*

Brooks, Judge, absent.

ON REHEARING.

January 26, 1910.

RAMSEY, JUDGE.—When. this cause was submitted it seemed to appear from the record that the charge complained of and treated in the fifth paragraph of the opinion had been requested by counsel for appellant. On motion to correct the record, the original charge of the court below has been transmitted to this court and in the light of such corrected record it is evident that this charge was not only not requested by appellant, but it appears that the same was excepted to at the time, and that special charges were requested by him seeking to correct what was believed to be an erroneous charge given by the court. The entire charge complained of is as follows: "If you find and believe from the evidence beyond a reasonable doubt that the defendant, Eff Decker, in Denton County, Texas, on or about the 5th day of April, 1908, and within two years prior to the filing of the information herein did commit an assault upon G. W. Farrington, and that said assault was committed with premeditated design, that is, preconceived in his mind prior to such assault, if you find one was committed by him, and that such assault was committed by means calculated to inflict great bodily injury upon the person of said Farrington, you will find the defendant guilty of aggravated assault and punish him as above set forth for aggravated assault." On this subject appellant requested, among others, the following special charge: "I charge you that before you can convict the defendant of an aggravated assault on the count of the information charging an assault committed upon premeditated design. 1st, you must believe from the evidence that beyond a reasonable doubt that the defendant, Eff Decker, entered into a conspiracy with J. R. Bratton to assault the said G. W. Farrington, and that the assault committed, if any, was in furtherance of their common design and purpose, and 2d, that the assault committed, if any, was committed by the use of means calculated to inflict great bodily injury." And also the following special charge was requested: "An assault and battery may become aggravated when committed with premeditated design and by the use and means calculated to inflict great bodily injury. If you believe from the evidence beyond a reasonable doubt that defendant, Eff Decker, about the time charged in the information, in Denton County, Texas, with premeditated design did commit an assault upon G. W. Farrington, and that such assault was committed by the use of means calculated to inflict great bodily injury, you will find the defendant guilty of an aggravated assault, but if you have a reasonable doubt if said assault, if any, was committed with premeditated design, you will acquit the defendant of an aggravated assault. If you believe from the evidence beyond a reasonable doubt that said assault, if any, was committed with premeditated design, but have a reasonable doubt that the means used were calculated to inflict great bodily injury you will acquit the defendant of

an aggravated assault." In the light of the record and in view of the fact that an unfriendly state of feeling had existed between the parties for some time, it is urged that the charge of the court which permitted a conviction as the result of a preconceived design at any time however long before the assault was in fact committed, is erroneous, and that where premeditation is an element of the crime it must not only exist prior to the commission of the offense, but the same must exist in the mind of the party committing the offense at the time of the commission thereof; that it must not only have been preconceived prior to the time when the offense was committed, but must be an actual existing design in the mind of the party committing the offense when the offense is committed, and must be proven by the same degree of proof required to prove any other essential to an offense against the laws of this State. Atkinson v. State, 20 Texas, 522; McCoy v. State, 25 Texas, 33; Sanders v. State, 41 Texas, 306. The facts of this case barely raise the issue of an assault by premeditated design. It does contain many references to previous difficulties, and under the terms given it was easily possible for the jury to have concluded that if at any time within two years next before the institution of the prosecution appellant had conceived the idea of assaulting Farrington and did thereafter assault him, whether in pursuance of such preconceived design or not, and whether growing out of such preconceived design, the offense would be complete.

For the reason pointed out the motion for rehearing is granted, the judgment reversed and the cause remanded.

*Reversed and remanded.*